1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  Shaamini A. Babu, Esq. (SBN 230704)
   SALTZMAN & JOHNSON LAW CORPORATION
3  44 Montgomery Street, Suite 2110
   San Francisco, CA 94104
4  (415) 882-7900
   (415) 882-9287 – Facsimile
5  mkaplan@sjlawcorp.com
   mstafford@sjlawcorp.com
6  sbabu@sjlawcorp.com

7  Attorneys for Plaintiffs

8

9                    UNITED STATES DISTRICT COURT

10              FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12 BAY AREA PAINTERS AND TAPERS          Case No.:  C08-4717 MHP
   PENSION TRUST FUND, et al.,
                                         **STIPULATED JUDGMENT**
13
           Plaintiffs,
14
       v.
15
   ALBERT WHITE CO., INC., dba WHITE
16 COMPANY,

17        Defendant.

18

19        IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between

20 Plaintiffs BAY AREA PAINTERS & TAPERS PENSION TRUST FUND, et al. ("Plaintiffs") and

21 Defendants  ALBERT WHITE CO., INC., dba WHITE COMPANY ( "Defendant"), as follows:

22        1.      Defendant  entered  into  a  valid  Collective  Bargaining  Agreement  with  the

23 District  Council  16  of  the  International  Union  of  Painters  and  Allied  Trades  (hereinafter

24 "Bargaining Agreement").  This Bargaining Agreement has continued in full force and effect to

25 the present time.

26        //

27        //

28

                                                      -1-
                                           **STIPULATED JUDGMENT**
                                        **Case Number: C08-4717 MHP**

P:\CLIENTS\PATCL\White Company\Pleadings\C08-4717 MHP - Stipulated Judgment 032309.doc

2.      Defendant has become indebted to the Trust Funds as follows:

| October, 2008 | Liquidated Damages | $75.60 |
|---|---|---|
| November, 2008 | Liquidated Damages / Interest through 3/20/09 | $407.32 |
| December, 2008 | Liquidated Damages / Interest through 3/20/09 | $243.54 |
| January, 2009 | Contributions | $1,624.56 |
| | Liquidated Damages | $162.45 |
| | Interest (through 3/31/09) | $13.71 |
| February, 2009 | Contributions | $2,166.08 |
| | Liquidated Damages | $216.61 |
| | Interest (through 3/31/09) | $6.65 |
| SUBTOTAL | | $4,916.52 |
| | | |
| Attorney's Fees | Through March 18, 2009 | $4,374.00 |
| Costs | Through January 20, 2009 | $841.81 |
| | | |
| TOTAL DUE | | $10,132.33 |

3.      Defendants shall pay the amount of **$10,132.33** as follows:

(a)      Beginning on March 25, 2009, and no later than the 25th day of each month thereafter for a period of 12 months, through and including February 25, 2010, Defendant shall pay to Plaintiffs the amount of **$877.00** per month.  Payments may be made by joint check, to be endorsed prior to submission;

(b)      Defendant shall have the right to increase the monthly payments at any time and there is no penalty for early payment. Defendant may request a "payout demand" at any time during the payment period;

(c)      Payments shall be applied first to unpaid interest and then to unpaid principal.  The unpaid principal balance shall bear interest at the rate of 7% per annum in accordance with Plaintiffs' Trust Agreements.

(d)      Payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*," and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, **to be <u>received</u>**

1  **on or before the 25th day of each month**, or to such other address as may be specified by
2  Plaintiffs.

3  (e)  Prior to the last payment pursuant to this Stipulation, Plaintiffs will
4  advise Defendant as to the final amount due, including interest and additional attorneys' fees and
5  costs.

6  4.  Albert White acknowledges that he is the RMO/CEO/President of ALBERT
7  WHITE CO., INC., dba WHITE COMPANY and that he specifically consents to the Court's
8  jurisdiction. Mr. White (hereinafter "guarantor") confirms that he is personally guaranteeing the
9  amounts due pursuant to the terms of this Stipulation and further acknowledges that all of
10 Defendant's successors in interest, assigns, and affiliated entities (including, but not limited to
11 parent or other controlling companies), if any, shall also be bound by the terms of this Stipulation
12 as Guarantors.  Defendant, Guarantor(s) and all such entities specifically consent to the Court's
13 jurisdiction as well as all other terms herein and <u>specifically consent to the authority of a
14 Magistrate Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a writ of
15 execution.</u>

16 5.  For any work performed by employees of Defendant, beginning with hours worked
17 by Defendant's employees, if any, during the month of March 2009, Defendant shall timely pay
18 contributions due on April 15, 2009, and delinquent if not received by April 30, 2009.  For every
19 month thereafter during the stipulated payment term herein, Defendant will remain current in
20 contributions and all other obligations due to Plaintiffs under the terms of the Collective
21 Bargaining Agreement by timely submitting monthly reports and contributions to the Trust Funds.
22 <u>A copy of the contribution report and payment check must be faxed timely to Michele R. Stafford
23 at 415-882-9287</u>.

24 In the event that additional amounts are found due, by pay stubs, certified payroll, audit or
25 in any other manner, for hours worked during the time period covered by this Stipulation as

1  referenced above, or due for hours worked for any time during the stipulated payment period,

2  these amounts shall be added to, and become part of this Judgment.

3        6.      In the event that Defendant/Guarantor fails to make any payment referenced herein

4  in a timely manner as required, or if payment is made and fails to clear the bank, or is unable to be

5  negotiated for any reason, Defendant/Guarantor shall be considered to be in default of this

6  Stipulation.

7        7.      In the event of a default, Plaintiffs will provide Defendant/Guarantor with written

8  notice of the default, allowing seven (7) days from the date of the notice in which to cure the

9  default.  All future payments shall be made by cashier's check if the default was caused by a failed

10  check.  In the event that a default is *not timely cured*, the following will occur:

11        (a)      The entire balance of **$10,132.33** as specified in paragraph **3,** plus interest

12  as specified above, but reduced by principal payments received from Defendant/Guarantor, in

13  addition to any unpaid contributions then due plus 10% liquidated damages and 7% per annum

14  interest thereon, shall be immediately due and payable, together with any additional attorneys'

15  fees and costs incurred in this matter.

16        (b)      A Writ of Execution may be obtained against Defendant/Guarantor *without*

17  *further notice* in the amount of the unpaid balance, plus any additional amounts due under the

18  terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth

19  any payment theretofore made by or on behalf of Defendant/Guarantor and the balance due and

20  owing as of the date of default.

21        (c)      Defendant/Guarantor expressly waives all rights to stay of execution and

22  appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the

23  balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ

24  of Execution, without notice to Defendant/Guarantor.

25        (d)      Defendant/Guarantor shall pay all additional attorneys' fees and costs

26  incurred by plaintiffs in connection with collection and allocation of the amounts owed to

27  plaintiffs under this Stipulation regardless of whether or not Defendant/Guarantor defaults herein.

28

8.      In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise.  Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

9.      Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

10.     Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

11.     This Stipulation is the entire agreement between the parties and is expressly limited to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any.  Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantor as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

12.     All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily.

13.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute together one and the same instrument.

14.     Plaintiffs reserve all rights available under the applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto.  Defendants specifically waive the defense of the doctrine res judicata as to any such additional amounts determined as due.

Dated: March 24, 2009                    **ALBERT WHITE CO., INC., dba WHITE COMPANY**

                                         By: _____/s/_____
                                         Albert White, its RMO/CEO/President

Dated: March 24, 2009                    **ALBERT WHITE**

                                         _____/s/_____
                                         Individually

Dated: March 26, 2009                    **SALTZMAN AND JOHNSON LAW CORPORATION**

                                         _____/s/_____
                                         Michele R. Stafford
                                         Attorneys for Plaintiffs

**IT IS SO ORDERED**.

Dated: __April 6_____, 2009          _____
                                         UNITED STATES DISTRICT COURT JUDGE

-6-
**STIPULATED JUDGMENT**
**Case Number: C08-4717 MHP**